IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 4:18-CR-3058 |
| vs. | ORDER |
| NELSON NICOLAS NUNEZ-ACOSTA-ACOSTA and FELIPE GENAO MINAYA, | |
| Defendants. | |

This matter is before the Court on defendants, Nelson Nicolas Nunez-Acosta's and Felipe Genao Minaya's, objections (filing 71; filing 72) to the Findings and Recommendation and Order (filing 68) of the Magistrate Judge, recommending that the defendants' Motions to Suppress (filing 46; filing 50) be denied. The Court has conducted a de novo review of the motion to suppress, pursuant to 28 U.S.C. § 636(b)(1). The Court concurs in the Magistrate Judge's factual findings, analysis, and conclusions of law. *See* filing 68. The Court therefore finds the defendant's objection to be without merit, and will adopt the Magistrate Judge's findings and recommendation.

Specifically, the Court rejects the defendants' contention that the Magistrate Judge erred in two respects: (1) by concluding the defendants' voluntarily consented to the search, and (2) by finding that Officer Mortensen did not exceed the scope of the defendants' consent by using the tools he recovered in the truck's bed to pry up the plastic or metal panels. Filing 71 at 14-15; filing 72 at 14-15. With respect to the defendants' first contention, the Court determines that the defendant's voluntarily consented to the search. *See United States v. Chaidez*, 906 F.2d 377, 380 (8th Cir. 1990); *United States v.*

*Rogers,* 661 F.3d 991, 994 (8th Cir. 2011). Indeed, as the Magistrate Judge correctly pointed out, there are several factors in the record that weigh against finding the lack of voluntary consent, including the verbal consent provided by both defendants, the fact that Nunez-Acosta provided additional nonverbal consent by unlocking and opening the truck's trailer, and the failure of either defendant to object to the search or revoke their consent despite their ability to do so. *See* filing 68 at 14.

That brings the Court to the defendant's second argument—that even if consent was given, Officer Mortensen exceeded the scope of that consent. Under the Fourth Amendment, the scope of consent is measured by objective reasonableness, "an inquiry that asks what the typical reasonable person [would] have understood by the exchange between the officer and the suspect." *United States v. Zamora-Garcia,* 831 F.3d 979, 983 (8th Cir. 2016) (internal quotations omitted). But general consent to a search does not give law enforcement officers license to destroy property. *Zamora-Garcia,* 831 F.3d at 983. "Cutting or destroying an object during a search requires either explicit consent for the destructive search or articulable suspicion that supports a finding that probable cause exists to do the destructive search." *Id.* Probable cause exists "when the facts available to [police] would warrant a person of reasonable caution in the belief that contraband or evidence of a crime is present." *Id.* This is a practical and common-sensical standard based, again, on the totality of the circumstances. *United States v. Guevara,* 731 F.3d 824, 830 (8th Cir. 2013). All that is required is the kind of fair probability on which reasonable and prudent people, not legal technicians, act. *Id.*

Here, as the Magistrate Judge noted, there are reasonable grounds for the expanded search. *See* filing 68 at 15. Officer Mortensen initially observed the presence of tools in the cab and he observed that the front of the trailer had

2

what appeared to be fresh paneling, fresh caulk, new rivets and screws, and 18-metal shavings in the track work of the trailer. Filing 67 at 38-40. Based on his experience, Officer Mortensen testified, such evidence would indicate that there had been manipulation or mechanical changes made to the structure of vehicles. Filing 67 at 40-42. And that is significant, Mortensen said, because it would suggest that a compartment had recently been accessed or put into place—consistent with narcotics smuggling. Filing 67 at 42.

Thus, the Court concludes that, based on the totality of the circumstances, there was probable cause for Officer Mortensen to believe that they would find drugs in the trailer. *Guevara*, 731 F.3d at 830; *see also United States v. Chaidez*, 906 F.3d 377, 383-84 (8th Cir. 1990) (finding a warrantless search may be extended beyond the scope of the consent when the officer completing a vehicle search noticed a plastic back seat covering was torn, missing or loose screws along the side panels and rear seat, and the rear seat cushion in an abnormal position). So, the defendants' objections on those grounds are overruled.

The Court will therefore adopt the Findings and Recommendation.

IT IS ORDERED:

1. The Magistrate Judge's Findings and Recommendation and Order (filing 68) is adopted.

2. Nunez-Acosta's objection (filing 71) is overruled.

3. Minaya's objection (filing 72) is overruled.

3

4.  Nunez-Acosta's Motion to Suppress (filing 46) is denied.

6.  Minaya's Motion to Suppress (filing 50) is denied.

Dated this 1st day of May, 2019.

BY THE COURT:

_John M. Gerrard_
John M. Gerrard
Chief United States District Judge