IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 4:18-CR-3058 |
| vs. | |
| NELSON NICOLAS NUNEZ-ACOSTA, | ORDER |
| Defendant. | |

The defendant has filed a motion (filing 173) to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A). The Court will deny that motion.

Pursuant to § 3582(c)(1)(A), a defendant may (after exhausting his administrative remedies) move for reduction of his term of imprisonment based upon "extraordinary and compelling reasons." The Court, after considering the factors enumerated in 18 U.S.C. § 3553(a), may grant the motion if extraordinary and compelling reasons warrant the reduction, and such a reduction is consistent with applicable policy statements issued by the Sentencing Commission. § 3582(c)(1)(A). And pursuant to U.S.S.G. § 1B1.13(a)(2), the Court must also find that the defendant is not a danger to the safety of any other person or to the community.

The "extraordinary and compelling" basis for a sentence reduction offered by the defendant is COVID-19. Filing 174. He has identified several health conditions that, he says, increase his risk of developing serious COVID-19 disease. Filing 174 at 4. He also argues that the conditions of his incarceration have been harsher because of the pandemic.

But the defendant's allegations don't satisfy § 1B1.13(b)(1)(D): He doesn't allege an ongoing outbreak of infectious disease at his facility, nor is

there a declared public health emergency. *See* National Emergencies Act, Pub. L. 118-3, 137 Stat 6 (2023). While he claims an outbreak shortly before his motion was filed, the Court is not persuaded that even 21 positive tests at FCI Fort Dix, *see* filing 174 at 6, out of approximately 4,000 total inmates, is the sort of "ongoing outbreak" that § 1B1.13(b)(1)(D) was meant to address.[1] And the defendant's broader argument that the COVID-19 pandemic has made his incarceration harsher, filing 174 at 11-12, doesn't hold up either: It broadly describes the experience of <u>all</u> federal prisoners, so even if it was "compelling," it's hardly "extraordinary." *See* § 3582(c)(1)(A).

Having concluded that the defendant hasn't alleged an extraordinary and compelling reason for a sentence reduction, the Court need not consider the defendant's remaining arguments. *See* § 1B.1.13(d). To the extent that the defendant's complaints concern the conditions of his confinement, *see* filing 174 at 5-11, his remedy is 28 U.S.C. § 2241, not § 3582(c)(1)(A).

IT IS ORDERED that the defendant's motion for compassionate release (filing 173) is denied.

Dated this 8th day of July, 2024.

BY THE COURT:

*[signature]*

John M. Gerrard
Senior United States District Judge

---

[1] Nor does there appear to be a current basis for such an allegation. *See* Bureau of Prisons, *Inmate COVID-19 Data*, https://www.bop.gov/about/statistics/statistics_inmate_covid19.jsp (last updated July 3, 2024).